UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MITCHELL G. ZIMMERMAN,

    Plaintiff,

    v.                                           Case No. 23-C-4

KEVIN A. CARR, et al.,

    Defendants.

---

## SCREENING ORDER

---

Plaintiff Mitchell G. Zimmerman, who is currently serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the second amended complaint. Dkt. Nos. 5 & 10.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $1.69. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff is an inmate at the Green Bay Correctional Institution. Dkt. No. 10, ¶3. Defendants are Department of Corrections (DOC) Secretary Kevin A. Carr, Office of the Secretary (OOS) "designee" Cindy O'Donnell, Corrections Complaint Examiner (CCE) Brad Hompe, Institution Complaint Examiner (ICE) Kyle Grabowski, Warden Dylon Radtke, Deputy Warden Michelle Haese, Financial Program Supervisor (FPS) Mark Eiting, Corrections Program Supervisor (CPS) Michael Hofmann, former Chaplin Mike Donovan, Chaplin Phillips, and Chaplin DeBroux. *Id.*, ¶¶4-5.

Plaintiff practices a religion known as the "Hermetic Philosophy" or the "Golden Dawn Tradition." *Id.*, ¶¶6-8. Plaintiff's religion requires him to attend Pagan and Eastern services every week, practice on a rug with a six pointed star and two snakes, post spiritual pictures and symbols on the walls during certain rituals, use various religious oils, use a Black and Gold Alter Cloth, and use Tarot cards. *Id.*, ¶¶ 9-10, 15-16, 19-20, 23. Between March 2022 and December 2022, Plaintiff submitted the appropriate DOC forms to acquire these items/services for purposes of worship, but Plaintiff still does not have access to them. *Id.*, ¶¶12-14, 17-18, 21-22, 24-25. Plaintiff states that Defendants have purposely "refused to respond" to his religious requests to interfere with the practice of his religion. *See id.*

More specifically, Plaintiff explains that his religion is very nuanced and required him to file about 20 separate DOC forms to acquire the items and services needed to properly practice his religion. *Id.*, ¶11. On March 31, 2022, Chaplin Donovan refused to give Plaintiff more than one DOC form at a time. *Id.*, ¶¶11-12. Plaintiff filed an inmate complaint about the issue, and his complaint was "affirmed" because Chaplin Donovan did not have the authority to withhold DOC forms in that manner. *Id.* Nevertheless, ICE Grabowski, Deputy Warden Haese, CCE Hompe, and OOS O'Donnell "did absolutely" nothing to make sure Plaintiff actually received his DOC

3

forms. *Id*. On April 28, 2022, Plaintiff notified Secretary Carr about the circumstances, but Plaintiff never received a response. *Id*., ¶13. On May 8, 2022, Plaintiff filed another inmate complaint about access to DOC forms, and M. Tallier (not a defendant) finally gave Plaintiff the forms he needed. *Id*., ¶14.

Between June 2022 and September 2022, Plaintiff filed three religious requests: to purchase two rugs (which would be altered to include a spiritual symbol); to put art on the walls for spiritual rituals; and to establish an account of $30 that could not be used for anything other than religious items. *Id*., ¶¶15-17. Chaplin Donovan and Chaplin DeBroux refused to process the requests. *Id*., ¶18. None of Plaintiff's requests were even acknowledged until Plaintiff filed an inmate complaint about the issue on September 9, 2022. *Id*. ICE Grabowski recommended dismissing the inmate complaint because "there is no specific timeframe in policy that indicates how soon a religious request must be reviewed." *Id*. Warden Radtke, CCE Hompe, and OOS O'Donnell all agreed and dismissed the complaint, noting that the religious requests have been received and a decision is "pending." *Id*. On November 14, 2022, Plaintiff was informed that his request to establish a $30 account was forwarded to FPS Eiting, who still has not responded. *Id*., ¶22.

Between October 2022 and November 2022, Plaintiff filed four more religious requests: to purchase an Egyptian symbol that was larger than allowed specifications; to purchase various religious oils; to purchase a Gold and Black Alter Cloth; and to purchase Tarot Cards. *Id*., ¶¶19-23. Again Chaplin Donovan, Chaplin DeBroux, and Chaplin Phillips refused to process the requests. *Id*., ¶25. On December 19, 2022, Plaintiff was told that his religious requests were all sent to CPS Hofmann, who is "in charge of spiritual activities," for decision. *Id*., ¶¶5 & 24. Plaintiff still does not have the items and services he needs to properly practice his religion. *Id*. Plaintiff seeks declarative and injunctive relief. *Id*., ¶27.

4

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Plaintiff asks to proceed on a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA). Dkt. No. 10, ¶26. To state a claim, Plaintiff must allege that the government placed a "substantial burden" on his religious practice. *Jones v. Carter*, 915 F.3d 1147, 1150–51 (7th Cir. 2019); *see also* 42 U.S.C. §2000cc-1(a). Religious practice includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Schlemm v. Wall*, 784 F.3d 362, 364 (7th Cir. 2015). A "substantial burden" puts substantial pressure on an adherent to modify his behavior and to violate his beliefs. *Id.* at 364-65. Plaintiff has the initial burden to show that he has a sincere religious belief and that his religious exercise was "substantially burdened." *See Holt v. Hobbs*, 574 U.S. 352, 360-61 (2015). If Plaintiff meets this threshold, the burden shifts to the defendants to demonstrate that their actions further "a compelling governmental interest" by "the least restrictive means." *Cutter v. Wilkinson*, 544 U.S. 709, 712 (2005). RLUIPA permits only declaratory or injunctive relief. *See* 42 U.S.C. § 2000cc-2(f).

Plaintiff alleges that Defendants have substantially burdened his religion by rejecting his request to attend Pagan *and* Eastern services every week; and by refusing to process his requests to purchase religious rugs, to post spiritual pictures and symbols on the walls during rituals, to purchase various religious oils, to purchase a Black and Gold Alter Cloth, and to purchase Tarot cards. Plaintiff states that his religious requests have been sitting with CPS Hofmann for months

5

with no resolution. He states that he cannot properly practice his religion without these services and items and CPS Hofmann, who makes the final policy decisions on religious matters, has refused to review his requests. At the pleading stage, Plaintiff's allegations give rise to a plausible inference that he has a sincere religious belief and his religious exercise has been substantially burdened. Accordingly, Plaintiff may proceed on a RLUIPA claim against CPS Hofmann in his official capacity in connection with denial of religious services and religious items between March 2022 and December 2022 at the Green Bay Correctional Institution.

Plaintiff is only seeking declarative and injunctive relief through this lawsuit, *see* Dkt. No. 10, ¶27, and the claim against CPS Hofmann encompasses both forms of relief. Thus, the Court will dismiss the remainder of the defendants from the case as redundant and unnecessary. *See, e.g.*, *Green v. Liebal*, No. 220CV00540JRSMJD, 2022 WL 3701494, at *7 (S.D. Ind. Aug. 26, 2022) (dismissing all defendants other than the "Director of Religious Services" as redundant); *see, e.g.*, *Sand v. Milwaukee Cnty. House of Corr.*, No. 19-C-348, 2019 WL 6117595, at *2 (E.D. Wis. Nov. 18, 2019).

## CONCLUSION

The Court finds that Plaintiff may proceed on a RLUIPA claim against Hofmann in his official capacity in connection with denial of religious services and religious items between March 2022 and December 2022 at the Green Bay Correctional Institution.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that Carr, Radtke, O'Donnell, Hompe, Eiting, Grabowski, DeBroux, Phillips, Haese, and Donovan are **DISMISSED** from the case.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Hofmann.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Hofmann shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the **$348.31** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Plaintiff is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 18th day of April, 2023.

>s/ William C. Griesbach
>William C. Griesbach
>United States District Judge